**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Joint Administration Pending) |

**DEBTORS' MOTION SEEKING ENTRY OF INTERIM AND FINAL ORDERS (I)
AUTHORIZING THE DEBTORS TO SERVE CERTAIN PARTIES
BY EMAIL, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")
respectfully state the following in support of this motion (the "Motion"):

## RELIEF REQUESTED

1.      The Debtors seek the entry of an interim order, substantially in the form attached
hereto as **Exhibit A** (the "Interim Order"), and a final order, substantially in the form attached
hereto as **Exhibit B** (the "Final Order" and together with the Interim Order, the "Orders"), (a)
authorizing the Debtors to provide email service to certain parties in these chapter 11 cases (the
"Chapter 11 Cases"); and (b) granting related relief.[2]

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification
number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and
Bittrex Malta Ltd. (1764).  The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle,
WA 98104.

[2]    The Debtors simultaneously have filed a *Motion Seeking Entry of Interim and Final Orders (I) Authorizing the
Debtors to (A) Maintain a Consolidated List of Creditors, (B) File a Consolidated List of the Debtors' Fifty
Largest Unsecured Creditors, (C) Withhold or Omit Certain Confidential Information, (II) Establishing
Procedures for Notifying the Parties of Commencement; and (III) Granting Related Relief.*  In the said motion,
among other things, the Debtors addressed the need to redact certain customers' confidential information pursuant
to 11 U.S.C. §§ 105(a) and 107(b) and (c).

*Amended Standing Order of Reference* from the United States District Court for the District of Delaware.  Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rule[s]"), the Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule[s]"), and Local Rule 1001-1(c), and 2002-1.

## BACKGROUND

5.      The Debtors, together with their non-debtor affiliates (collectively, "Bittrex"), operate cryptocurrency exchanges for both retail and institutional customers in several jurisdictions.  Bittrex, Inc. ("BUS"), a Georgia corporation, operates Bittrex's cryptocurrency exchange for U.S. customers, whereas two foreign non-debtor affiliates operate Bittrex's cryptocurrency exchange for non-U.S. customers.  The global Bittrex platform has approximately 1.55 million customers, including over 600,000 in the United States.

6.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions ("Hengel Declaration" or "First Day Declaration"), filed contemporaneously with this

Motion and incorporated by reference herein.[1]

7.      As described in more detail in the Hengel Declaration, the Debtors commenced these Chapter 11 Cases for the purpose of protecting their client base in the context of the orderly wind down of Bittrex's U.S. and Malta operations, a process that contemplates distributing to the Debtors' customers all of the cryptocurrency associated with their accounts.  The Debtors seek to complete the previously announced wind down of its U.S. business and implement the wind down of its Malta business, and accomplish, as soon as practicable, a comprehensive process that will (a) maximize value for the Debtors' creditors (including its customers) and other stakeholders; (b) leave intact Bittrex's non-U.S. business operations for the benefit of their several hundred thousand customers; and (c) to the extent necessary, fairly separate the non-U.S. operations.  Concurrent with the filing of this Motion, the Debtors have filed their proposed chapter 11 plan, which provides, among other things, that the Debtors' customers entitled to distributions will receive under the plan a 100 percent like-kind cryptocurrency distribution.  This means that with respect to customers, they will be entitled to access the Bittrex platform and withdraw cryptocurrencies consistent with the plan and with their allowed claims.  The Debtors do not intend to monetize cryptocurrencies reserved for like-kind distributions to holders of allowed customer claims, and any change in the value of such assets following the Petition Date would be borne by the Debtors' customers.

8.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrent with the filing of this Motion, the Debtors have also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No request

---

[1]   Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

## **BASIS FOR RELIEF**

9.      Bankruptcy Code section 105(a) provides in relevant part, that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. S 105(a).  Local Rule 1001-1(c) further permits modification of the Local Rules by the Court "in the interest of justice."  Moreover, although the Bankruptcy Rules generally require notices to be served on creditors at their addresses, they give significant latitude to bankruptcy courts for modifying the general rule.  *See* Fed. R. Bankr. P. 2002(m); Fed. R. Bankr. P. 9007.  Courts in this district have granted relief similar to the relief requested herein in cases where the debtors were cryptocurrency exchanges.  *See*, *e.g.*, *In re FTX Trading Ltd., et al.*, No. 22-110678 (JDT) (Bankr. D. Del. Jan. 9, 2023), D.I. 425 (authorizing, on a final basis, debtors operating a cryptocurrency exchange with more than 100,000 creditors to serve customers and non-customer creditors via e-mail); *In re Cred Inc., et al.*, No. 20-12836 (JTD) (Bankr. D. Del. Nov. 10, 2020), D.I. 34 (authorizing, on an interim basis, debtors operating an online cryptocurrency platform with over 6,000 creditors to serve customers via email).

10.      Here, as set forth in the Debtors' petitions, there are over 500,000 creditors in these Chapter 11 Cases.  Almost all of these creditors are customers.  The Debtors' numerous customers will require service of a voluminous number of notices, and service via email would be consistent with the way the Debtors and their customers communicated prior to the Petition Date.  In these Chapter 11 Cases, email communications undoubtedly are the most effective means to interact with the Debtors' technologically-savvy customer base, located in the United States and abroad, living in a society that "has become . . . much more mobile . . . with one's email address and cell

phone number serving as the most consistent and reliable method of communication." *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 132 F. Supp. 3d 707, 711 (D.S.C. 2015) (acknowledging that the dissemination of a notice to putative class via mail was not sufficient to meet "[t]he goal of the Court . . . to *effectively* distribute the notice . . . ." (*id.*)) (emphasis added).

11.     Accordingly, the Debtors respectfully request authority to serve via email (a) customers that (i) have not designated a mailing address under Bankruptcy Rule 2002(g)(1) or 5003(e), (ii) do not request to be served hard copies by mail, and (iii) have a valid email address on file with the Debtors; and (b) non-customer creditors that (i) have not designated a mailing address under Bankruptcy Rule 2002(g)(l) or 5003(e), (ii) do not request to be served hard copies by mail, and (iii) have a valid email address on file with the Debtors, but no physical address information.  This is not only the most efficient manner by which the service of all interested parties can be completed, but it is also the most likely manner to facilitate creditor responses because the customer base currently receives all Debtor's notices in an electronical format. Moreover, service via email would be more cost-efficient than the use of regular mail for repeatedly communicating with the Debtors' customers who, to date, have been interacting with the Debtors via electronic means.

12.     The Debtors respectfully submit that the implementation of the procedures requested herein is appropriate in these Chapter 11 Cases and well within the Court's equitable powers under section 105(a) of the Bankruptcy Code.

## NOTICE

13.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the District of Delaware; (b) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis); (c)

counsel to the lender under the Debtors' post-petition financing facility; (d) counsel to Debtors' non-debtor affiliate Bittrex Global GmbH; (e) counsel to Debtors' non-debtor affiliates RBR Holdings, Inc., and Aquila Holdings Inc.; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this motion as required by Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

14.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court (a) enter the Interim Order, substantially in the form attached hereto as **Exhibit A**; (b) enter the Final Order, substantially in the form attached hereto as **Exhibit B**, and (c) grant such other and further relief as is just and proper.

Date: May 8, 2023
Wilmington, DE

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/  Robert S. Brady*
Robert S. Brady (Delaware Bar No. 2847)
Kenneth Enos (Delaware Bar No. 4544)
Joshua Brooks (Delaware Bar No. 6765)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: 302-571-6600
Facsimile: 302-571-1253
Email: rbrady@ycst.com
Email: kenos@ycst.com
Email: jbrooks@ycst.com

-and-

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**

Susheel Kirpalani *(pending pro hac vice)*
Patricia B. Tomasco *(pending pro hac vice)*
Daniel Holzman *(pending pro hac vice)*
Alain Jaquet *(pending pro hac vice)*
Razmig Izakelian *(pending pro hac vice)*
Valerie Ramos (*pending pro hac vice)*
Joanna D. Caytas *(pending pro hac vice)*
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
Email: susheelkirpalani@quinnemanuel.com
Email: pattytomasco@quinnemanuel.com
Email: danielholzman@quinnemanuel.com
Email: alainjaquet@quinnemanuel.com
Email: razmigizakelian@quinnemanuel.com
Email: valerieramos@quinnemanuel.com
Email: joannacaytas@quinnemanuel.com

**PROPOSED COUNSEL FOR THE DEBTORS**

**<u>Exhibit A</u>**

**Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) (Jointly Administered) |
| Debtors. | Ref. Docket No. _____ |

## INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO SERVE CERTAIN PARTIES BY EMAIL, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Interim Order") (a) authorizing the Debtors to serve certain parties by email, (b) granting related relief; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, entered February 29, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764).  The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, and their creditors; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing with respect to this Motion shall be held on **_____, 2023 at __:__ __.m (prevailing Eastern Time)**.  Any objections or responses to entry of the proposed Final Order shall be filed on or before **__:__ __.m. (prevailing Eastern Time)** on **_____, 2023** and served on the following parties: (a) proposed co-counsel to the Debtors, (i) Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Ave 22nd floor, New York, NY 10010, Attn: Susheel Kirpalani (susheelkirpalani@quinnemanuel.com); Patricia B. Tomasco (pattytomasco@quinnemanuel.com), Daniel Holzman (danielholzman@quinnemanuel.com), and qe-bittrex@quinnemanuel.com, and (ii) Young Conaway Stargatt & Taylor, LLP, Wilmington, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Robert S. Brady (rbrady@ycst.com), Kenneth Enos (kenos@ycst.com), and Joshua Brooks (jbrooks@ycst.com); (b) counsel to any statutory committee appointed in these Chapter 11 Cases; (c) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Richard L. Schepacarter (richard.schepacarter@usdoj.gov); and (d) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  If no objections are timely filed, this Court may enter the Final Order without further notice or a hearing.

3.      The service requirements of Bankruptcy Rule 2002(g) hereby are modified to permit email service to (a) customers that (i) have not designated a mailing address under Bankruptcy Rule 2002(g)(1) or 5003(e), (ii) do not request to be served hard copies by mail, and (iii) have a valid email address on file with the Debtors; and (b) non-customer creditors that (i) have not designated a mailing address under Bankruptcy Rule 2002(g)(l) or 5003(e), (ii) do not request to be served hard copies by mail, and (iii) have a valid email address on file with the Debtors, but no physical address information.

4.      Notice of this Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Local Rules are satisfied by such notice.

5.      The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Interim Order.

6.      The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Interim Order.

**Exhibit B**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

In re:

Desolation Holdings LLC, *et al.*,[1]

      Debtors.

Chapter 11

Case No. 23-10597 (BLS)
(Jointly Administered)

Ref. Docket No. _____

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO SERVE CERTAIN PARTIES
BY EMAIL, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Final Order") (a) authorizing the Debtors to serve certain parties by email, (b) granting related relief; and upon the First Day Declaration; and upon the Court having entered the Interim Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, entered February 29, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, and their creditors; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1.      The Motion is granted on a final basis as set forth herein.

2.      The service requirements of Bankruptcy Rule 2002(g) hereby are modified to permit email service to (a) customers that (i) have not designated a mailing address under Bankruptcy Rule 2002(g)(1) or 5003(e), (ii) do not request to be served hard copies by mail, and (iii) have a valid email address on file with the Debtors; and (b) non-customer creditors that (i) have not designated a mailing address under Bankruptcy Rule 2002(g)(l) or 5003(e), (ii) do not request to be served hard copies by mail, and (iii) have a valid email address on file with the Debtors, but no physical address information.

3.      Notice of this Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Local Rules are satisfied by such notice.

4.      The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Final Order.

5.      The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Final Order.