## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597  (BLS) |
| Debtors. | (Joint Administration Pending) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) RESTATING AND ENFORCING THE WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND IPSO FACTO PROTECTIONS OF THE BANKRUPTCY CODE, (II) APPROVING THE FORM AND MANNER OF NOTICE, AND (III) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (the "Motion"):

### RELIEF REQUESTED

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"), (a) restating and enforcing the worldwide automatic stay, anti-

discrimination provisions, and *ipso facto* protections of title 11 of the United States Code (the

"Bankruptcy Code"); (b) approving the form and manner of notice related thereto, substantially in

the form attached as **Exhibit 1** to the Order (the "Notice"); and (c) granting related relief.

### JURISDICTION AND VENUE

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the District of

Delaware. Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764).  The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

the United States Bankruptcy Court for the District of Delaware (the "Local Rule[s]"), the Debtors in these chapter 11 cases (the "Chapter 11 Cases") confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 362, 365(e)(1), 525 and 541 of the Bankruptcy Code.

## BACKGROUND

5. The Debtors, together with their non-debtor affiliates (collectively, "Bittrex"), operate cryptocurrency exchanges for both retail and institutional customers in several jurisdictions. Bittrex, Inc. ("BUS"), a Georgia corporation, operates Bittrex's cryptocurrency exchange for U.S. customers, whereas two foreign non-debtor affiliates operate Bittrex's cryptocurrency exchange for non-U.S. customers.  The global Bittrex platform has approximately 1.55 million customers, including over 600,000 in the United States.

6. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions ("Hengel Declaration" or "First Day Declaration"), filed contemporaneously with this Motion and incorporated by reference herein.[2]

---

[2]    Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

7.      As described in more detail in the Hengel Declaration, the Debtors commenced these Chapter 11 Cases for the purpose of protecting their client base in the context of the orderly wind down of Bittrex's U.S. and Malta operations, a process that contemplates distributing to the Debtors' customers all of the cryptocurrency associated with their accounts.  The Debtors seek to complete the previously announced wind down of its U.S. business and implement the wind down of its Malta business, and accomplish, as soon as practicable, a comprehensive process that will (a) maximize value for the Debtors' creditors (including its customers) and other stakeholders; (b) leave intact Bittrex's non-U.S. business operations for the benefit of their several hundred thousand customers; and (c) to the extent necessary, fairly separate the non-U.S. operations.  Concurrent with the filing of this Motion, the Debtors have filed their proposed chapter 11 plan, which provides, among other things, that the Debtors' customers entitled to distributions will receive under the plan a 100 percent like-kind cryptocurrency distribution.  This means that with respect to customers, they will be entitled to access the Bittrex platform and withdraw cryptocurrencies consistent with the plan and with their allowed claims.  The Debtors do not intend to monetize cryptocurrencies reserved for like-kind distributions to holders of allowed customer claims, and any change in the value of such assets following the Petition Date would be borne by the Debtors' customers.

8.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrent with the filing of this Motion, the Debtors have also filed a motion requesting procedural consolidation and joint administration of these Chapter 11 Cases pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure.  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases and no official committees have been appointed or designated.

## THE DEBTORS' GLOBAL NETWORK

9.      Debtors are part of Bittrex, a group of more than two dozen national and international companies operating a cryptocurrency exchange and providing online platforms for access to the exchange to customers in different jurisdictions.  As such, the Debtors have customers, other contractual counterparties, and business operations in and outside of the United States.  Debtor BUS operated a cryptocurrency exchange with a focus on the U.S. market, which encompassed customers who are (a) individuals with U.S. citizenship or residence;[3] or (b) U.S. entities.  Debtor Bittrex Malta Ltd. ("Malta OpCo") caters to foreign customers that (a) based on Bittrex's compliance system and procedures, do not have relevant ties (e.g., nationality, residence, incorporation) with the United States;[4] and (b) Malta OpCo did not transfer to non-debtor Bittrex Global GmbH ("BG") in 2019.  Within Bittrex, BG and non-debtor Bittrex (Global) Bermuda Ltd. ("BGB") operate a cryptocurrency exchange that focuses on Bittrex's non-U.S. market and its hundreds of thousands of international customers.  Two of the three pillars of the Debtors' restructuring process are (a) leaving intact the non-U.S. business operated by BG and BGB for the benefit of their customers; and (b) separating Bittrex's non-U.S. operations in a fair and equitable manner.

10.     The Debtors' customers and contractual counterparties in foreign jurisdictions may be unfamiliar with the chapter 11 process, including the scope of a debtor in possession's authority to operate its business and the application of the automatic stay to efforts to collect debts.  In violation of the automatic stay, these creditors may attempt to take action against the Debtors or

---

[3]     In general, according to Bittrex's compliance and know-your-customer procedures, a customer is considered part of the U.S. market (and allocated to BUS) if it has certain ties with the United States.  For example, the U.S. nationality of an individual customer is sufficient to make him or her a customer of BUS, irrespective of the customer's country of residence.

[4]     In the opposite case, these customers would have been allocated to the U.S. market and become BUS' customers.

interfere with their restructuring, in and outside of the U.S., to the detriment of the Debtors, their estates, and other creditors.  In addition, upon the commencement of these Chapter 11 Cases, non-U.S. counterparties to certain leases or executory contracts with the Debtors could attempt to terminate such agreements in contravention of sections 362 and 365 of the Bankruptcy Code. Similarly, in violation of section 525 of the Bankruptcy Code, governmental units outside of the United States may deny, suspend, terminate, or otherwise place conditions upon certain licenses, permits, charters, franchises, or other similar grants that Debtor Malta OpCo and its holding company, Debtor Bittrex Malta Holdings Ltd., maintain.

11.     The Debtors seek the relief requested herein out of an abundance of caution and to assist them in better informing non-U.S. creditors and other stakeholders of the broad protections offered by the Bankruptcy Code.  For the avoidance of doubt, the Debtors do not seek to expand or enlarge the rights afforded to them under the Bankruptcy Code with this Motion.  Instead, the Debtors seek to affirm those rights and believe that an order from this Court will help guard the Debtors against improper actions taken by, and provide clarity for, non-U.S. parties in interest.

## **BASIS FOR RELIEF**

I.     **Relief Should Be Granted Hereunder to Better Enforce the Automatic Stay, Anti-Discrimination, and *Ipso Facto* Provisions of the Bankruptcy Code**

12.     As a result of the commencement of these Chapter 11 Cases, the automatic stay provided by section 362 of the Bankruptcy Code enjoins all persons from, among other things, taking "any action to obtain possession of property of the estate or to exercise control over property of the estate."  11 U.S.C. § 362(a)(3).  Bankruptcy Code section 362(a) serves the purpose of "protect[ing] and enhanc[ing] bankruptcy estates . . . to benefit both the debtor and the debtor's creditors and to facilitate the Bankruptcy Code's distributive scheme."  *In re Hambright*, 635 B.R. 614, 629 (Bankr. N.D. Ala. 2022).  Because the automatic stay is one of the fundamental debtor

protections provided by the Bankruptcy Code, courts have broadly construed the Bankruptcy Code's automatic stay provisions. *See In re Atl. Bus. & Cmty. Corp.*, 901 F.2d 325, 327 (3d Cir. 1990) ("The scope of the automatic stay is undeniably broad."); *In re THG Holdings LLC*, 604 B.R. 154, 160 (Bankr. D. Del. 2019) ("The automatic stay . . . giv[es] the debtor a breathing spell from its creditors. . . . Section 362 states that 'any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate' and 'any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case' is subject to the automatic stay.") (citations omitted). The automatic stay protects debtor's property and contracts wherever they are located and by whomever held. *See, e.g.*, *In re Nortel Networks, Inc.*, 669 F.3d 128, 138 (3d Cir. 2011) ("Since 1987, United States courts have uniformly upheld the extraterritorial application of the automatic stay.") (citation omitted). The automatic stay protection may also extend to a non-debtor if it protects the debtor from interferences with its restructuring efforts. *See, e.g.*, *McCartney v. Integra Nat. Bank N.*, 106 F.3d 506, 510–11 (3d Cir. 1997) (state court action against non-debtor was stayed under section 362 of the Bankruptcy Code because it interfered with the debtor's reorganization). The Bankruptcy Court has authority to fashion appropriate remedies for violations of the automatic stay. *See*, *e.g.*, 11 U.S.C. §§ 105(a), 362(k); *see In re C.W. Mining Co.*, 625 F.3d 1240, 1246 (10th Cir. 2010) (holding that a debtor may pursue remedies for a stay violation by filing contempt motion pursuant to Bankruptcy Rules 9020 and 9014); *see also In re Meadows*, 396 B.R. 485, 498 (6th Cir. BAP 2008) ("[A]ctions to recover damages for stay violations are generally brought by motion, with attorney fees expressly allowable under § 362(k).").

13.    Section 525 of the Bankruptcy Code prohibits governmental units from, among other things: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter,

franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these Chapter 11 Cases, or are insolvent during the pendency of these Chapter 11 Cases. *See In re Psychotherapy and Counseling Ctr., Inc.*, 195 B.R. 522, 533 (Bankr. D.D.C. 1996) (holding that the debtor's exclusion from a governmental program due to the non-payment of a dischargeable debt would interfere with the debtor's breathing spell and fresh start in violation of the anti-discrimination provision under section 525).

14.     Section 365(e)(1)(B) of the Bankruptcy Code prohibits counterparties to debtor contracts from terminating or modifying such contracts, including rights or obligations thereunder, solely on account of a debtor's bankruptcy filing—invalidating such "*ipso facto*" provisions. Section 365 of the Bankruptcy Code also prohibits, absent court approval, third parties from enforcing the terms of a contract against the Debtors. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531–32 (1984) (holding that while the debtor may enforce the terms of the contract against the creditor, the creditor is "precluded from . . . enforcing the contract terms" of an executory contract prior to the assumption by the debtor.). Third parties must thus continue to perform under executory contracts until they are assumed or rejected. *In re El Paso Refinery, L.P.*, 196 B.R. 58, 71–72 (Bankr. W.D. Tex. 1996) ("Until the court has affirmatively authorized rejection, the nondebtor party is not free to ignore the terms of the contract, and must continue to perform.").

15.     Similarly, provisions in agreements, transfer instruments, or applicable non-bankruptcy law are unenforceable if any such provision "restricts or conditions transfer of such interest by the debtor" or:

> is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the

appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

11 U.S.C. § 541(c)(1).

16.    Pursuant to section 105(a) of the Bankruptcy Code, the Court may issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 105(a) therefore authorizes a bankruptcy court to issue injunctions or take other necessary steps in aid of its jurisdiction. *See, e.g.*, *MacArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 93 (2d Cir. 1988); *United States v. Sutton*, 786 F.2d 1305, 1307 (5th Cir. 1986). Such orders are appropriate where, as here, they are necessary for preserving and maximizing the Debtors' estates and for protecting their restructuring's efforts. *See In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002) (acknowledging that the bankruptcy courts are entitle to use section 105(a) "in aid of preservation or enhancement of the estate."); *Green v. Connections Cmty. Support Programs, Inc.*, CA No. 21-660-MN-SRF, 2021 WL 7210378, at *3 (D. Del. Nov. 23, 2021) (stay pursuant to section 105(a) extended to non-debtors because discovery against them "ha[d] the potential to adversely impact [debtor's] bankruptcy proceedings").

17.    The application of the protections afforded a debtor by sections 362, 365, 525 and 541 of the Bankruptcy Code is automatic upon the filing of a chapter 11 petition. *See* 11 U.S.C. § 362(a)(3) ("[A] petition filed under section 301 . . . of this title . . . operates as a stay, applicable to all entities, of [among other things] any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."); 11 U.S.C. § 365(e)(1) ("[A]ny right or obligation under [an executory] contract or [unexpired] lease [of the debtor] may not be terminated or modified, at any time after the commencement of the case solely because" of an *ipso facto* provision); 11 U.S.C. § 525(a) ("[A] governmental unit may not deny, revoke,

suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition

such a grant to, discriminate with respect to such a grant against . . . a person that is or has been a

debtor under this title."). *See also In re W.R. Grace & Co.*, 475 B.R. 34, 152 (D. Del. 2012) ("[I]t

is well-established that [pursuant to 11 U.S.C. §§ 365(e)(1) and 541,] *ipso facto* clauses are

unenforceable as a matter of law under the Bankruptcy Code" because "the whole purpose of filing

for bankruptcy is to provide the debtor with a fresh start, and enforcement of *ipso facto* clauses

would punish debtors by negating this central purpose.") (internal citations and quotation marks

omitted).

18.    Non-U.S. creditors may, however, be unfamiliar with the Bankruptcy Code and

attempt to take action outside of the United States against the Debtors or to the detriment of their

restructuring efforts even after the Debtors file voluntary petitions triggering the automatic relief

provided under the Bankruptcy Code.  Such unilateral self-help, litigation, or collection actions

could adversely impact the Debtors' operations during the otherwise orderly wind down of Bittrex's

U.S. business and cause irreparable harm to the estates and interested parties.  Although the

automatic stay, anti-discrimination provisions, and *ipso facto* protections are self-executing on the

Petition Date, the Debtors believe that a Court order is necessary and appropriate to better enforce

creditor compliance with the Bankruptcy Code.  To that end, the Debtors submit that service of the

Notice in appropriate circumstances will advance the efficient administration of these Chapter 11

Cases.

19.    The Order, by restating the safeguards in sections 362, 365(e)(1), 525 and 541 of

the Bankruptcy Code, would help protect the Debtors from inadvertent violations of these crucial

provisions.  The granting of the relief requested will help ensure that (a) the non-debtor parties to

executory contracts or leases with any of the Debtors will continue to perform, and will not

unilaterally terminate, their contracts; and (b) creditors do not seize the assets of any of the Debtors, impose liens, or take any other action in violation of the worldwide automatic stay.  It would also spare the Debtors from the burden of commencing adversary proceedings to enforce the protections automatically provided by the Bankruptcy Code.  Consequently, the Order will assist the Debtors in effecting an orderly chapter 11 process.

20.    Accordingly, the Debtors respectfully request that the Court enter the Order, reinstating and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code, and approve the related Notice.

### **NOTICE**

21.    The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the District of Delaware; (b) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the lender under the Debtors' post-petition financing facility; (d) counsel to Debtors' non-debtor affiliate Bittrex Global GmbH; (e) counsel to Debtors' non-debtor affiliates RBR Holdings, Inc., and Aquila Holdings Inc.; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### **NO PRIOR REQUEST**

22.    No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page left intentionally blank]*

WHEREFORE, the Debtors respectfully request that the Court (a) enter the Order substantially in the form attached hereto as **Exhibit A**; and (b) grant such other and further relief as is just and proper.

Date: May 8, 2023
Wilmington, DE

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/  Robert S. Brady*

Robert S. Brady (Delaware Bar No. 2847)
Kenneth Enos (Delaware Bar No. 4544)
Joshua Brooks (Delaware Bar No. 6765)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: 302-571-6600
Facsimile: 302-571-1253
Email: rbrady@ycst.com
Email: kenos@ycst.com
Email: jbrooks@ycst.com

-and-

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Susheel Kirpalani *(pending pro hac vice)*
Patricia B. Tomasco *(pending pro hac vice)*
Daniel Holzman *(pending pro hac vice)*
Alain Jaquet *(pending pro hac vice)*
Razmig Izakelian *(pending pro hac vice)*
Valerie Ramos (*pending pro hac vice)*
Joanna D. Caytas *(pending pro hac vice)*
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
Email: susheelkirpalani@quinnemanuel.com
Email: pattytomasco@quinnemanuel.com
Email: danielholzman@quinnemanuel.com
Email: alainjaquet@quinnemanuel.com
Email: razmigizakelian@quinnemanuel.com
Email: valerieramos@quinnemanuel.com
Email: joannacaytas@quinnemanuel.com

**PROPOSED COUNSEL FOR THE DEBTORS**

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |

**ORDER (I) RESTATING AND ENFORCING THE WORLDWIDE AUTOMATIC
STAY, ANTI-DISCRIMINATION PROVISIONS, AND IPSO FACTO PROTECTIONS
OF THE BANKRUPTCY CODE, (II) APPROVING THE FORM AND
MANNER OF NOTICE, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order") (a) restating and enforcing the

worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the

Bankruptcy Code; (b) approving the form and manner of notice, and (c) granting related relief;

and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to

28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District

Court for the District of Delaware, entered February 29, 2012; and that this Court having the power

to enter a final order consistent with Article III of the United States Constitution; and this Court

having found that venue of this proceeding and the Motion in this district is proper pursuant to 28

U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b);

and this Court having found that proper and adequate notice of the Motion and the relief requested

therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that,

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification
number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and
Bittrex Malta Ltd. (1764).  The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle,
WA 98104.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, and their creditors; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1.      The Motion is granted as set forth herein.

2.      Subject to section 362 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and other entities and all those acting on their behalf) and governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any non-U.S. jurisdiction (including any division, department, agency, instrumentality or service thereof, and all those acting on their behalf), are hereby stayed, restrained and enjoined from:

(a)     commencing or continuing (including the issuance or employment of process) any judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of the Debtors' Chapter 11 Cases or recovering a claim against the Debtors that arose before the commencement of the Debtors' Chapter 11 Cases;

(b)     enforcing, against the Debtors or against property of their estates, a judgment or order obtained before the commencement of the Debtors' Chapter 11 Cases;

(c)     taking any action, whether inside or outside the United States, to obtain possession of property of the Debtors' estates, wherever located or to exercise control over property of the estates or interfere in any way with the conduct by the Debtors of their business, including, without limitation,

attempts to arrest, seize or reclaim any assets in which the Debtors have legal or equitable interests;

(d)    taking any action to create, perfect, or enforce any lien against the property of the Debtors' estates;

(e)    taking any action to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose prior to the commencement of the Debtors' Chapter 11 Cases;

(f)    taking any action to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of the Debtors' Chapter 11 Cases;

(g)    offsetting any debt owing to the Debtors that arose before the commencement of the Debtors' Chapter 11 Cases against any claim against the Debtors; and

(h)    commencing or continuing any proceeding before the United States Tax Court concerning the Debtors, subject to the provisions of 11 U.S.C. § 362(b).

3.    Pursuant to sections 362 and 365 of the Bankruptcy Code, notwithstanding a provision in a contract or lease or any applicable law, all persons are hereby stayed, restrained, and enjoined from terminating or modifying any and all contracts and leases to which the Debtors are party or signatory, at any time after the commencement of these cases because of a provision in such contract or lease that is conditioned on the (a) insolvency or financial condition of the Debtors at any time before the closing of these cases; or (b) commencement of these cases under the Bankruptcy Code.  Accordingly, all such persons are required to continue to perform their obligations under such leases and contracts during the post-petition period.

4.    Pursuant to section 525 of the Bankruptcy Code, all governmental units and other regulatory authorities are prohibited and enjoined from: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may

have been insolvent before the commencement of these Chapter 11 Cases, or are insolvent during the pendency of these Chapter 11 Cases.

5.      Pursuant to section 541(c) of the Bankruptcy Code, any interest of the Debtors in property is property of the estates, notwithstanding any provision in any agreement, transfer instrument, or applicable nonbankruptcy law, that: (a) restricts or conditions transfer of such interest by the Debtors; or (b) is conditioned on the insolvency or financial condition of the Debtors or on the commencement of the Debtors' Chapter 11 Cases, and that effects or gives an option to effect a forfeiture, modification, or termination of the Debtors' interest in property.

6.      The form of Notice, substantially in the form attached as **Exhibit 1** hereto, is approved. The Debtors are authorized, but not directed, to serve the Notice (including as the Debtors deems necessary, translations thereof) upon creditors, governmental units or other regulatory authorities, and/or interested parties wherever located.

7.      For the avoidance of doubt, this Order does not expand or enlarge the rights and protections afforded to the Debtors under the Bankruptcy Code.

8.      Nothing in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **EXHIBIT 1**

**Form Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Desolation Holdings LLC, *et al.*,[1] | Case No. 23-10597 (BLS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. |

**NOTICE OF ENTRY OF AN ORDER RESTATING AND ENFORCING THE
WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND
IPSO FACTO PROTECTIONS OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that on May 8, 2023, the above-captioned debtors and debtors

in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the

United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States

Bankruptcy Court for the District of Delaware (the "Court"). The Debtors' chapter 11 cases are

pending before the Honorable Judge Brendan Linehan Shannon, United States Bankruptcy Judge,

and are being jointly administered under the lead case *In re Desolation Holdings LLC, et. al.*, Case

No. 23-10597 (MMD).

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 362(a) of the Bankruptcy

Code, the Debtors' filing of their respective voluntary petitions operates as a self-effectuating,

statutory stay or injunction, applicable to all entities and protecting the Debtors from, among other

things: (a) the commencement or continuation of a judicial, administrative, or other action or

proceeding against the Debtors (i) that was or could have been commenced before the

commencement of the Debtors' cases, or (ii) to recover a claim against the Debtors that arose

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's tax identification number, are: Desolation Holdings LLC (0439); Bittrex, Inc. (0908); Bittrex Malta Holdings Ltd. (2227); and Bittrex Malta Ltd. (1764). The mailing and service address of the Debtors is 701 5th Avenue, Suite 4200, Seattle, WA 98104.

1

before the commencement of the Debtors' cases; (b) the enforcement, against the Debtors or against any property of the Debtors' bankruptcy estates, of a judgment obtained before the commencement of the Debtors' cases; or (c) any act to obtain possession of property of or from the Debtors' bankruptcy estates, or to exercise control over property of the Debtors' bankruptcy estates.[2]

**PLEASE TAKE FURTHER NOTICE** that pursuant to the *Order (I) Restating and Enforcing the Worldwide Automatic Stay, Anti-Discrimination Provisions, and Ipso Facto Protections of the Bankruptcy Code, (II) Approving the Form and Manner of Notice, and (III) Granting Related Relief* (the "Order") [D.I. _____], entered on _____, 2023, and attached hereto as **Exhibit A**, all persons wherever located (including individuals, partnerships, corporations, and other entities and all those acting on their behalf), persons party to a contract or agreement with the Debtors, governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any foreign country (including any division, department, agency, instrumentality or service thereof, and all those acting on their behalf), are hereby put on notice that they are subject to the Order and must comply with its terms and provisions.

**PLEASE TAKE FURTHER NOTICE** that any entity that seeks to assert claims or interests against, seeks or asserts causes of action or other legal or equitable remedies against, or otherwise exercises any rights in law or equity against the Debtors or their estates must do so in front of the Court pursuant to the Order, the Bankruptcy Code, and applicable law.

---

[2]    Nothing herein shall constitute a waiver of the right to assert any claims, counterclaims, defenses, rights of setoff or recoupment or any other claims of the Debtors against any party to the above-captioned cases. The Debtors expressly reserve the right to contest any claims which may be asserted against the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, any governmental agency, department, division or subdivision, or any similar governing authority is prohibited from, among other things: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these chapter 11 cases, or are insolvent during the pendency of these chapter 11 cases as set forth more particularly in the Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, parties to contracts or agreements with the Debtors are prohibited from terminating such contracts or agreements because of a Debtor's bankruptcy filing—except as permitted by the Court under applicable law.

**PLEASE TAKE FURTHER NOTICE** that pursuant to sections 105(a) and 362(k) of the Bankruptcy Code and Rule 9020 of the Federal Rules of Bankruptcy Procedure, among other applicable substantive laws and rules of procedure, any person or governmental unit seeking to assert its rights or obtain relief outside of the processes set forth in the Order, the Bankruptcy Code, and applicable law may be subject to proceedings in front of the Court for failure to comply with the Order and applicable law—including contempt proceedings resulting in fines, sanctions, and punitive damages against the entity and its assets inside the United States.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding the Debtors' chapter 11 cases, including copies of pleadings filed therein, may be obtained by (a) reviewing the publicly available docket of the Debtors' chapter 11 cases at https://www.deb.uscourts.gov (PACER login and password required); (b) accessing the Debtors' publicly available website providing information regarding these chapter 11 cases, located online

at https://omniagentsolutions.com/Bittrex; or (c) contacting the following proposed counsel for the

Debtors.

Date: May 8, 2023
Wilmington, DE

**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**

/s/ Robert S. Brady

Robert S. Brady (Delaware Bar No. 2847)
Kenneth Enos (Delaware Bar No. 4544)
Joshua Brooks (Delaware Bar No. 6765)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: 302-571-6600
Facsimile: 302-571-1253
Email: rbrady@ycst.com
Email: kenos@ycst.com
Email: jbrooks@ycst.com

-and-

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**

Susheel Kirpalani *(pending pro hac vice)*
Patricia B. Tomasco *(pending pro hac vice)*
Daniel Holzman *(pending pro hac vice)*
Alain Jaquet *(pending pro hac vice)*
Razmig Izakelian *(pending pro hac vice)*
Valerie Ramos (*pending pro hac vice*)
Joanna D. Caytas *(pending pro hac vice)*
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
Email: susheelkirpalani@quinnemanuel.com
Email: pattytomasco@quinnemanuel.com
Email: danielholzman@quinnemanuel.com
Email: alainjaquet@quinnemanuel.com
Email: razmigizakelian@quinnemanuel.com
Email: valerieramos@quinnemanuel.com
Email: joannacaytas@quinnemanuel.com

**PROPOSED COUNSEL FOR THE DEBTORS**

**Exhibit A**

**Order**