## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Bittrex, Inc.,[1] | Case No. 23-10598 (BLS) |
| Wind Down Entity | **Hearing Date: June 27, 2024 at 10:00 a.m. (ET)**<br>**Objection Deadline: June 20, 2024 at 4:00 p.m. (ET)** |

## PLAN ADMINISTRATOR'S MOTION FOR ENTRY OF
## FINAL DECREE CLOSING THE CHAPTER 11 CASE
## AND TERMINATING ALL CLAIMS AND NOTICING SERVICES

David Maria, as plan administrator (the "Plan Administrator") in the chapter 11 cases of the above-captioned debtors and each of their debtor affiliates (collectively, the "Debtors" or the "Wind Down Entity"), by his undersigned counsel, hereby submits this motion (the "Motion") seeking the entry of a final decree order closing the chapter 11 case of the Wind Down Entity and terminating all claims and noticing services in connection with the chapter 11 case (the "Claims and Noticing Services") of Omni Agent Solutions, Inc. ("Omni"). In support of this Motion, the Plan Administrator respectfully states as follows:

## JURISDICTION, VENUE, AND PREDICATES

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      Sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

---

[1]  The last four digits of the Wind Down Entity's federal tax identification number are 0908. The mailing and service address of the Wind Down Entity is 701 5th Avenue, Suite 4200, Seattle, WA 98104. [*See* Chapter 11 Case No. 23-10597, Docket No. 1068]

Court for the District of Delaware (the "Local Rules"), and the applicable provisions of the Confirmation Order and Plan, as defined below, authorize the relief sought.

## BACKGROUND

### A.    General Background

3.      On May 8, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  Sections 1107(a) and 1108 of the Bankruptcy Code authorized the Debtors to continue to operate their businesses and manage their property as debtors in possession.  The United States Trustee never appointed an official committee of unsecured creditors in these Chapter 11 Cases.[2]

4.      On May 10, 2023, the Court entered an order granting procedural consolidation and joint administration of the Chapter 11 Cases under Case No. 23-10597, *In re Desolation Holdings LLC* [D.I. 34].

5.      On October 31, 2023, the Court entered an order [D.I. 517] (the "Confirmation Order") confirming the Amended Chapter 11 Plan of Liquidation of Desolation Holdings LLC and its Debtor Affiliates (the "Plan").[3]

6.      The Debtors substantially consummated the Plan and emerged from chapter 11 on November 15, 2023, when the Debtors filed a Notice of Effective Date [D.I. 563], setting the effective date to the same day (the "Effective Date").  On the Effective Date, (i) any interests in Bittrex, Inc. survived and continued to exist following the Effective Date as Interests in the Wind

---

[2]   Additional factual background relating to the Debtors' business and circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Evan Hengel, Co-Chief Restructuring Officer of the Debtors in Support of Chapter 11 Petitions and First-Day Motions* [D.I. 11] (the "First Day Declaration").

[3]   Capitalized terms used but not otherwise defined in this motion shall have the meanings ascribed to them in the First Day Declaration or in the Plan, as applicable.

Down Entity; (ii) the Wind Down Assets were transferred to and vested in the Wind Down Entity;

and (iii) the Plan Administrator manages the Wind Down Entity.

7.     Paragraph 17(f) of the Confirmation Order provides in relevant part:

On the Effective Date the Wind Down Assets shall, subject to the Article IV.C of the Plan, be transferred to and vest in the Wind Down Entity. The Wind Down Entity shall be managed by the Plan Administrator as described in the Article IV.C of the Plan.

8.     Further, Paragraph 17(g) of the Confirmation Order provides in relevant part:

Article IV.C.1 of the Plan provides that on the Effective Date all Debtors except for Bittrex, Inc. will be dissolved. Article IV.F of the Plan provides that any Interests in Bittrex, Inc. shall survive and continue to exist following the Effective Date as Interests in the Wind Down Entity. Article IV.C.9 provides that the Wind Down Entity will be deemed dissolved upon conclusion of its duties under the Plan following the Effective Date and after the entry of a final decree closing the Wind Down Entity's Chapter 11 Case. David Maria will serve as Plan Administrator. The Wind Down Debtor shall be managed by the Plan Administrator….

9.     In addition, Article XII.M of the Plan provides in relevant part:

Upon the occurrence of the Effective Date, the Plan Administrator shall be permitted, as set forth in section 350 of the Bankruptcy Code, and Local Rule 3022-1, to take the appropriate steps to move to close all of the Chapter 11 Cases except for the Chapter 11 Case of BUS, and all contested matters and adversary proceedings relating to each of the Debtors, including objections to Claims, shall be administered and heard in the Chapter 11 Case of BUS; provided that for purposes of sections 546 and 550 of the Bankruptcy Code, the Chapter 11 Cases shall be deemed to remain open until the Chapter 11 Case of BUS has been closed.

When all Disputed Claims have become Allowed or Disallowed and all remaining Cash has been distributed in accordance with the Plan, the Plan Administrator shall seek authority from the Bankruptcy Court to close the Chapter 11 Case of BUS in accordance with the Bankruptcy Code, the Bankruptcy Rules and Local Rule 3022-1.

10.     After the Effective Date, the Plan Administrator diligently administered the Wind

Down Entity in accordance with the Plan.

11.     On February 27, 2024, the Court entered an order [D.I. 1068] (the "Order Closing

Affiliated Cases") closing all of the Debtors' chapter 11 cases other than the chapter 11 case of the

Wind Down Entity, which was left open to finalize the wind down of the Wind Down Entity, reconcile any unresolved claims, and make distributions to holders of Allowed Claims, among other things.

### B.    Claims and Noticing Services

12.    On May 10, 2023, the Court entered an order appointing Omni as the claims and noticing agent in these chapter 11 cases [D.I. 35] (the "Omni Appointment Order").  Pursuant to the Omni Appointment Order, Omni is authorized to a) distribute required notices to parties in interest, (b) receive, maintain, docket, and otherwise administer the proofs of claim filed in the Debtors' chapter 11 cases, and (c) provide such other administrative services as required by the Debtors that would fall within the purview of services to be provided by the Clerk's office, as more fully set forth in the Section 156(c) Application.  Under the Omni Appointment Order, Omni was also authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

13.    On June 6, 2023, the Court entered an order granting authorizing the retention of Omni as an administrative agent in these chapter 11 cases pursuant to section 327(a) of the Bankruptcy Code [D.I. 114] (the "Omni Retention Order").

14.    On February 7, 2024, the Court entered an order amending the Omni Retention Order [D.I. 1007] (the "Omni Appointment Order Amendment"), providing that neither Omni nor the Wind-Down Entity is required to maintain an electronic interface for filing proofs of claim.

### C.    Contested Matters

15.    The Plan Administrator believes that there will be no additional contested matters that need to be addressed after the hearing at which this Motion is currently scheduled to be heard (the "June Hearing"), and the chapter 11 cases can be fully administered.  In the event the last round of claim objections yields further litigation, this Motion can be continued to the next

omnibus hearing.  The Plan Administrator filed the last round of omnibus claim objections to be heard at the June Hearing concurrently with this Motion.

16.     In addition, two pending matters carried on the latest agenda, should be resolved consensually or finally heard at the June Hearing.  *First*, the Objection of the United States Trustee at (Sealed) D.I. 524, filed June 7, 2023, to the Second Supplemental Declaration of Patricia Tomasco in Support of the Debtors' Application for Entry of an Order authorizing the Retention and Employment of Quinn Emanuel Urquhart & Sullivan, LLP as Co-Counsel for the Debtors and Debtors in Possession,  (Sealed) D.I. 453 (the "Sealing Objection") concerns matters that counsel for the Plan Administrator is currently discussing with the United States Trustee.  If not resolved, the Plan Administrator will be prepared to argue the Sealing Objection at the June Hearing.

17.     *Second*, Mr. Azim Ghader filed his Motion Pursuant to Section 105(a) of the Bankruptcy Code Seeking Entry of an Order, Including Protective Order and Judgment Against the Plan Administrator and the Plan Administrator's Counsel for Violating Federal Rules of Bankruptcy Procedure 9018 and 9037, Local Rules 9018-1 and 9037-1 of the Federal Judiciaries Pacer Redaction Agreement at (Sealed) D.I. 802 (the "Sanctions Motion").  If not resolved, the Plan Administrator will be prepared to respond to the Sanctions Motion at the June Hearing.

18.     June represents the end of the second quarter of the year and resolving these cases at the end of the current quarter presents numerous efficiencies for closing this chapter 11 case. To achieve these efficiencies, the Plan Administrator will devote available resources to resolve all pending matters before the hearing.

## **RELIEF REQUESTED**

19.     By this Motion, and in accordance with Articles IV.N and XII.M of the Plan, the Plan Administrator requests the entry of a final decree, substantially in the form annexed to this Motion as **Exhibit B** (the "Proposed Final Decree"), closing the Wind Down Entity's chapter 11

case and terminating all Claims and Noticing Services of Omni in connection with the chapter 11 case.

**BASIS FOR RELIEF REQUESTED**

**A.**     **Entry of a Final Decree and Order Closing the Chapter 11 Case**

20.     Bankruptcy Code section 350(a) provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).

21.     Bankruptcy Rule 3022, which implements section 350, provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  Fed. R. Bankr. P. 3022.

22.     Local Rule 3022-1(a) provides that "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid."  Del. Bankr. L.R. 3022-1(a).

23.     The Bankruptcy Code does not define the term "fully administered," nor do the Bankruptcy Rules, or the Local Rules. The Advisory Committee Note to Bankruptcy Rule 3022 (the "Advisory Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

a. whether the order confirming the plan has become final;

b. whether deposits required by the plan have been distributed;

c. whether the property proposed by the plan to be transferred has been transferred;

d. whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

e. whether payouts under the plan have commenced; and

f. whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022 Advisory Committee Note.

24.     Courts in this district and others adopt the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, No. 02-12608, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990)); *see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

25.     As of the June Hearing, the chapter 11 case will be "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree and order closing the case. In particular:

a. the Confirmation Order has become final and is non-appealable;

b. the Effective Date has occurred;

c. there are no or very few pending motions, contested matters or adversary proceedings in the chapter 11 case;

d. all proofs of claim filed in the chapter 11 case have been reconciled and, to the extent necessary, modified or disallowed;

e. all allowed administrative expenses, including all fees invoiced by, due and owing to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") pursuant to 28 U.S.C. § 1930 prior to the date hereof have been paid, and in the case of any U.S. Trustee fees that will be due and owing for the first and second quarter of 2024, such fees will be paid once invoiced in accordance with the Proposed Final Decree;

f. all cash distributions to Holders of Allowed Claims required to be made under the Plan have been or will be made no later than the June Hearing;[4] and

g. the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

26.    The Wind Down Entity believes that it has paid, or will pay prior to any hearing on the motion, all allowed claims payable in cash. Nevertheless, the Plan Administrator submits that closing the chapter 11 case should not be delayed simply on account of any outstanding distributions, particularly to customers still interacting with the customer service platform to finalize their distributions of non-cash cryptocurrencies.  All distributions to non-customers in Class 3 of the Plan are complete.

27.    Furthermore, "[t]he court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future." Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991).  The entry of the Final Decree closing the chapter 11 case will be (a) without prejudice to creditors' rights to petition the Court to reopen the chapter 11 case pursuant to section 350(b) of the Bankruptcy Code, and (b) stop the accrual of unnecessary administrative expenses.

28.    Accordingly, the Plan Administrator submits that the relief requested in this Motion is in the best interest of all parties in interest and should be granted.

**B.    Termination of Claims and Noticing Agent**

29.    The Wind Down Entity also requests entry of an order terminating the Claims and Noticing Services.  Upon termination of the Claims and Noticing Services, and except as otherwise provided in the Proposed Final Decree and in the Local Rules, Omni shall have no further

---

[4]   The Plan requires that cash distributions be completed prior to entry of a final decree for the Winddown Entity. This distinction importantly excludes in-kind cryptocurrency distributions to Classes 2A and 2B.  The Plan Administrator fully paid all allowed claims in Class 3 on or before May 15, 2024.  Compliance with KYC and other regulatory requirements for distributions to customers in Classes 2A and 2B resulted in delays in distributing to all Allowed Claims in those classes.

obligations under the Omni Retention Order, Omni Appointment Order, and Omni Appointment Order Amendment to the Court, the Plan Administrator, or any other party in interest with respect to such services.

30.      Pursuant to Local Rule 2002-1(f)(ix), within twenty-eight (28) days of entry of the Proposed Final Decree, Omni shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, and (c) docket a final claims register for this chapter 11 case. Omni shall also box and deliver all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

31.      The Plan Administrator submits that its request to terminate the Claims and Noticing Services on the terms described in this Motion and provided for in the Proposed Final Decree complies with the Local Rules, is otherwise appropriate under the circumstances, and should therefore be approved.

## **FINAL REPORT**

32.      The final report required by Local Rule 3022-1(c) is attached hereto as **Exhibit A**.

## **NOTICE**

33.      The Plan Administrator will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the District of Delaware; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the lender under the Debtors' post-petition financing facility; (d) counsel to Debtors' non-debtor affiliate Bittrex Global GmbH; (e) counsel to Debtors' non-debtor affiliates RBR Holdings, Inc., and Aquila Holdings Inc.; and (f) any party that has requested

notice pursuant to Bankruptcy Rule 2002. The Plan Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

34.      No prior request for the relief sought in this Motion has been made to this or any other court.

## **CONCLUSION**

WHEREFORE, the Plan Administrator respectfully requests that the Court (a) enter an order substantially in the form annexed hereto as **Exhibit B**, granting the relief requested herein, and (b) grant such other and further relief as the Court may deem proper.

Dated: May 28, 2024
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Kenneth J. Enos*

Robert S. Brady (Delaware Bar No. 2847)
Kenneth J. Enos (Delaware Bar No. 4544)
Rebecca L. Lamb (Delaware Bar No. 7223)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: 302-571-6600
Facsimile: 302-571-1253
Email: rbrady@ycst.com
Email: kenos@ycst.com
Email: rlamb@ycst.com

- and -

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Susheel Kirpalani *(admitted pro hac vice)*
Patricia B. Tomasco *(admitted pro hac vice)*
Daniel Holzman *(admitted pro hac vice)*
Alain Jaquet *(admitted pro hac vice)*
Razmig Izakelian *(admitted pro hac vice)*
Joanna D. Caytas *(admitted pro hac vice)*
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
Email: susheelkirpalani@quinnemanuel.com
Email: pattytomasco@quinnemanuel.com
Email: danielholzman@quinnemanuel.com
Email: alainjaquet@quinnemanuel.com
Email: razmigizakelian@quinnemanuel.com
Email: joannacaytas@quinnemanuel.com

**COUNSEL FOR THE PLAN ADMINISTRATOR**